IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WILLIAM & JIN NAM, individually, and WILLIAM NAM as the personal administrator of the ESTATE OF MATTHEW NAM, decedent, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. _____ |
| v. | ) ) | **10C 14767 6** |
| U.S. XPRESS, INC., a Nevada Corporation, U.S. XPRESS LEASING, INC., a Nevada Corporation, U.S. XPRESS ENTERPRISES, INC., a Nevada Corporation, SANDRA PATTERSON, individually and as an agent and employee of U.S. XPRESS, INC., U.S. XPRESS LEASING, INC., AND U.S. XPRESS ENTERPRISES, INC., and JOHN DOE ENTITIES & INDIVIDUALS, (1-3), | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW plaintiffs and show the Court as follows:

## PARTIES, JURISDICTION & VENUE

1.

William & Jin Nam are the surviving parents of Matthew Nam, who died

intestate, and without a spouse or children.   The Nams may be served with a copy



of the answer, all discovery, and legal notices in this matter by service on their counsel. Jurisdiction and venue are proper in this Court.

2.

William Nam is the Court appointed personal administrator of the Estate of Matthew Nam. The Estate may be served with a copy of the answer, all discovery, and legal notices in this matter by service on the Court appointed personal administrator through its counsel. Jurisdiction and venue are proper in this Court.

3.

Defendant U.S. Xpress, Inc., a Nevada corporation, may be served with a copy of plaintiffs' complaint and summons by service on its registered agent, National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096. Jurisdiction and venue are proper in this Court.

4.

Defendant U.S. Xpress Leasing, Inc., a Nevada corporation, may be served with a copy of plaintiffs' complaint and summons by service on its registered agent, National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096. Jurisdiction and venue are proper in this Court.

5.

Defendant U.S. Xpress Enterprises, Inc., a Nevada corporation, may be served with a copy of plaintiffs' complaint and summons by service on its registered agent, National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.  Jurisdiction and venue are proper in this Court.

6.

Hereinafter the defendants above will be referred to individually or collectively as "U.S. Xpress" of the "U.S. Xpress defendants."

7.

Defendant Sandra Patterson may be served with a copy of plaintiffs' complaint and summons as provided by Georgia's long arm statute at her personal residence at 703 Aster Lane, East Ridge, Tennessee 37412; or at work, the U.S. Xpress truck facilities in Tunnel Hill, GA where she regularly reports to work and picks up her tractor and trailers owned by the U.S. Xpress defendants. Jurisdiction and venue are proper in this Court.

8.

At all times covered by the allegations in this complaint for damages Ms. Patterson was acting individually and as an agent and employee of the U.S. Xpress defendants.

9.

If discovery shows that a party is improperly named or a party should be added or substituted as a party, then we will move to add or substitute for those persons as provided under the Georgia Civil Practice Act.

## FACTUAL ALLEGATIONS

10.

In December of 2009, Matthew Nam graduated from the University of Georgia, six months early, in advance of his attending dental school in California in August of 2010.

11.

Nam, a devout Seventh Day Adventist, decided and agreed to volunteer as a campus youth chaplain at the University of Tennessee Knoxville, two days a week, after graduation in December of 2009, until he started dental school.

12.

Nam's routine from January 2010 until his death was to stay overnight in Knoxville several nights a week in a room he was renting, to be ready on the two days each week that he served as a youth chaplain at the University of Tennessee Adventist House, on the University of Tennessee campus.

13.

On the mornings of the days he served as a youth chaplain, and because his duties did not begin until after 6 p.m. each evening, Matthew Nam had registered for a personal religion course at Southern Adventist University, in Collegedale, Tennessee.

14.

Nam would commute to Southern Adventist University from Knoxville, two days a week, attend a morning course, and drive back to Knoxville each afternoon, after having lunch with his professor and/or fellow students at Southern Adventist University.

15.

On April 15, 2010, Nam drove from the room he was renting in Knoxville, Tennessee to Southern Adventist University in Collegedale, Tennessee for his morning class.

16.

After attending class that morning and grabbing some lunch that afternoon, Nam was heading back to Knoxville that evening for dinner with the students at the Adventist House later that night.

17.

At approximately 3:41 p.m., Matthew Nam approached the mobile weigh

station area, on I-75 North, in Bradley County near mile marker 23.

18.

Nam was operating his vehicle within the posted speed limit as he crested

the hill on the downslope to the weigh station.

19.

Defendant Patterson's vehicle was making a left to right lane change ahead

of Nam, and was attempting to get into the emergency lane area, in a line of trucks

that were backed out in the road several thousand feet south of the weigh station

entrance.

20.

Patterson's trailer was partially in the emergency lane and partially in the

right lane on I-75, as part of a line of vehicles south of the weigh station, in

violation of the law and the Tennessee Department of Transportation signs posted

prior to the weigh station and at the weigh station telling her and other truck

drivers not to park on the road side or to leave their trucks in the roadway.

21.

As Nam approached Patterson's vehicle, she was still moving and

attempting to get out of the roadway into the emergency lane area several thousand feet before the entrance to the weigh station when the impact occurred.

22.

The physical evidence at the scene shows that Nam attempted to get into the left lane to avoid Patterson, but could not due to traffic, and because Patterson's trailer was still in the right lane of I-75 and had not cleared the right hand lane, Nam was unable to avoid a collision with her trailer and had an under ride collision with that trailer at impact.

23.

The scene photographs show fluids, debris and scuff marks in the roadway where the collision occurred, and that Patterson failed to fully remove her trailer from the roadway at the time of the collision, obstructing the right lane of North bound traffic on I-75 with her trailer.

24.

Because Patterson's trailer was obstructing Nam's lane of travel on I-75, Nam was unable to avoid a collision with her trailer due to vehicles in the lane next to him prohibiting him from moving to the left lane.

25.

Due to the force and severity of the collision, Nam died from his injuries at

Erlanger Medical Center several hours after being life flighted from the scene of the collision.

26.

On April 15, 2010, the U.S. Xpress defendants identified above (hereinafter as "U.S. Xpress" or "U.S. Xpress defendants") maintained and operated a transportation distribution and truck park facility in Tunnel Hill, Georgia. U.S. Xpress also operates a trucking facility in Ellenwood, Georgia.

27.

The U.S. Xpress defendants use a local truck repair business, Dalton Trucks, located in Dalton, GA, to assist in the repair and maintenance of its fleet vehicles at its Tunnel Hill, GA facility.

28.

Defendant Patterson is a truck driver for U.S. Xpress, and lives near its Tunnel Hill, Georgia truck facility, just across the border in East Ridge, Tennessee less than 2 miles from the Georgia/Tennessee border.

29.

On the morning of April 15, 2010, Defendant Patterson drove to her usual workplace, at the Tunnel Hill, Georgia, U.S. Xpress truck facility, and obtained the tractor assigned to her, and picked up a trailer for delivery of goods in Maine.

Page 8 of 23

30.

Defendant Patterson was required to perform a pre-trip trailer and truck

inspection, as required by Federal Motor Carrier Safety Regulations.

31.

Defendant Patterson failed to conduct a proper inspection of her tractor and

trailer on the morning of April 15, 2010, including failure to note improperly

installed and/or worn brakes on the subject trailer.

32.

The subject tractor that the defendants own and operate contains a

DriverTech® TruckPC™ that allows the tractor to utilize satellite, Wi-Fi, and

cellular communications to be in constant contact with U.S. Xpress's home office

computers, so that the tractor's movement can be monitored, catalogued, and

stored on the mainframe computers of U.S. Xpress, and the on-board computer on

that tractor.

33.

The TruckPC ™ equipment on the subject vehicle contains a navigation

system, a GPS or satellite position tracking system, an invoicing system, an e-

mailing system, a scanning system, a driver education software system, and other

software to facilitate U.S. Xpress's operations, and the truck drivers interaction

with the computer onboard the tractor and the mainframe computers housed at the

U.S. Xpress defendants' Chattanooga area headquarters.

34.

The tractor that Patterson was operating on the morning and afternoon of

April 15, 2010 also had on it as standard equipment, a SideTracker® truck camera

system.[1]

35.

The SideTracker® camera is a sophisticated wide angle truck camera

mounted on the right front fender of U.S. Xpress's tractors, including the one

involved in this collision, and allows U.S. Xpress's drivers through a

computer/television monitor screen in the cab of the tractor to look down the side,

behind, and to the far right lanes of a tractor that is being operated by one of the

U.S. Xpress drivers.

36.

Patterson saw or should have seen Nam's vehicle approaching on the

Sidetracker® system and knew she had to get out of the roadway on I-75 she was

---

[1] http://www.sidetracker.net/page5.html.  U.S. Xpress trailers and trucks are featured on
the vendor's website, in a video demonstrating the views from the trailer and camera as a tractor
makes a left to right movement such as the one involved in this fatal collision.

blocking with her tractor and trailer, and that camera's video footage was recorded on the TruckPC™ computer onboard the U.S. Xpress tractor.

37.

The weather on the morning and afternoon of April 15, 2010 was clear, sunny, and there were no clouds in the sky that would reduce lighting conditions in the morning and afternoon hours before the subject collision.

38.

There was no rain or other weather conditions that day that obstructed Patterson's ability to safely maneuver and operate her vehicle in compliance with Federal Motor Carrier Safety Regulations, Georgia and Tennessee law applying to truck drivers, or seeing the signs in advance of the weigh station.

39.

Defendant Patterson is a lifelong Chattanooga area resident, and was familiar with the roadway she was traveling that morning, including I-75 North winding through Georgia, Chattanooga and Bradley County, Tennessee near where the subject incident occurred, less than 26 miles from her home.

40.

Defendant Patterson left U.S. Xpress's facilities in Georgia that morning and was proceeding through Georgia, Chattanooga Tennessee, and Bradley

County Tennessee on her way to Maine to deliver a load.

41.

U.S. Xpress told her, and Patterson was aware, based on her familiarity and regular driving on I-75 as a truck driver for U.S. Xpress, that there was a construction project occurring north of Chattanooga in Hamilton and Bradley Counties.

42.

As Patterson cleared the construction area in Bradley and Hamilton County, Tennessee, she began to accelerate her vehicle and operated in a dangerous and reckless manner, as identified by witnesses calling into the 911 operations center after the collision forming the basis of this lawsuit.

43.

On the morning and afternoon of April 15, 2010, the Tennessee Highway Patrol motor vehicle enforcement division was operating and had set up a mobile scales operation at the Bradley County weigh station, on I-75 North, located in Bradley County, Tennessee near one of the Cleveland, Tennessee exits.

44.

Prior to opening the scales for operations, the Tennessee Highway Patrol went to a sign approximately a mile and a half before the site where the collision

occurred, and let down the portion of the sign that informed truckers on I-75 North in Tennessee that the mobile scales were open.

45.

Located immediately above that sign informing truckers that the mobile scale station was open was a giant yellow and black sign telling truck drivers that if the scales were backed into the road to bypass the weigh station, and not stop at the mobile scale weigh station near mile marker 23 near Cleveland, Tennessee.

46.

At the entrance to the weigh scales were additional signs telling truckers that if they could see the signs adjacent to the road to bypass the weigh station, and defendants' vehicle was more than a 1000 feet south of the first of those signs as she headed north on I-75 towards the weigh station.

47.

The signs and the mobile scales station operated by the Tennessee State Patrol had been in operation for a number of years and were well known to truck drivers and trucking operations in the area, including the U.S. Xpress defendants and defendant Patterson.

48.

The weigh scales where the Tennessee Highway Patrol had set up its

operations on April 15, 2010 has several large, prominent, and plainly visible signs telling truck drivers that if they can see the sign from their tractor that they are to bypass the weigh station.    These signs are known to trucking companies in the Chattanooga area, and drivers who work for those companies.

49.

The signs on I-75 North near the collision site are located thousands of feet before the entrance of the subject weigh scales, and truck drivers who regularly travel this route and are familiar with this area know that if they cannot see those signs that it is safe for them to bypass the weigh scales as shown on the signs posted by the Tennessee State Patrol.

50.

The law in Tennessee requires professional truck drivers, such as Patterson, to bypass weigh stations if tractors and trailers are backing out onto the on ramp, roadway, or emergency lanes pertinent to weigh stations.

51.

Patterson's CDL was issued by the State of Tennessee, and she knew as a professional truck driver not to block lanes of travel or to pull off into the emergency lane creating a hazard to motorists at Tennessee weigh station scales.

52.

Defendant Patterson, as a professional truck driver, knew and was aware of this and other laws applicable to truckers in Tennessee, her home state, as they approached weigh stations.

53.

Defendant Patterson is a Tennessee resident who regularly operates her vehicles on I-75 North near the subject weigh station was aware of this rule.

54.

Defendant Patterson had previously been through the subject weigh scales in Bradley County, Tennessee, and knew of the placement of the signs near it, before it, and the warning signs that proceeded the weigh scales approximately a mile and a half before the subject weigh scale on the date of the incident.

55.

The U.S. Xpress defendants were negligent in hiring, supervising and retaining defendant Patterson, and ensuring she was aware of the rules applying to weigh station operations at scales located less than 25 miles from its headquarters.

56.

Defendants were negligent in inspecting the subject trailer and ensuring it had proper brakes on the day of the collision, and the subject trailer should not

have been on the road that day.

57.

Defendant Patterson was negligent in failing to remove her vehicle from the roadway, obstructing moving traffic on the Northbound lanes of I-75.

58.

Defendant Patterson was negligent in operating her vehicle at less than the minimum posted speed on laned traffic on I-75, in violation of Tennessee law and posted signs telling her to by-pass the weigh station if trucks were backed out of the weigh station more than a mile earlier.

59.

Defendant Patterson was negligent in failing to maintain her lane and obstructing traffic on lanes in the roadway in violation of the law.

60.

But for Defendants' tractor and trailer obstructing the right lane of I-75, in which Nam was lawfully operating his vehicle, this collision never occurs.

61.

If Patterson obeyed the signs posted by the Tennessee DOT telling her to bypass the weigh scales and not obstruct lanes of travel and create a hazard to motorists, this collision does not occur.

62.

Matthew Nam died as a result of physical injuries in this collision, and defendants' negligence is the sole proximate cause of this collision and Matthew Nam's wrongful death.

63.

At all times covered by this complaint defendant Patterson was acting as an agent and employee of the U.S. Xpress defendants, and within the course and scope of her duties as their employee.

64.

Matthew Nam was single, had no children, and is survived by his parents as his sole heirs at law in this matter.

**Choice of Law**

65.

Tennessee follows the *2nd Restatement of Conflicts of Law* and does not adhere to the doctrine of *lex loci delicti* on choice of law issues for tort claims.

66.

While this collision occurred in Tennessee, the defendants operate their trucks and trailers from the Tunnel Hill location in Georgia, this load originated in Georgia, the defendants operate their trucking business from Georgia at several

locations in Georgia, the subject tractor and trailer are maintained in Georgia, the plaintiffs live and reside in Georgia, Matthew Nam lived and was domiciled in Georgia, and the *2nd Restatement of Conflicts* of law preponderate towards the application of Georgia's wrongful death law and statutes controlling the claims of the Nams as opposed to Tennessee law, and Georgia is where the most significant contacts exist as it relates to this tragic death of a Georgia citizen.

67.

While the Federal Motor Carrier Safety Administration Regulations and rules of the road and law of Tennessee apply to the defendants' negligence on the road way prior to and at the site of the collision, defendants were negligent in maintaining their vehicles in Georgia, entrusting it to Patterson in Georgia, and Georgia's wrongful death law that provides a fuller recovery for the Nams should control the recovery for the wrongful death of Matthew Nam, a Georgia citizen.

### *Georgia Law Claims*

### FIRST CLAIM–WRONGFUL DEATH

68.

Plaintiffs reincorporate and reallege all paragraphs of this complaint.

69.

Defendants' negligence and negligence per se, including violation of

provisions of Federal Motors Carrier Safety Administration Regulations applicable to defendants and failing to obey the rules of the road and remove their vehicle from the roadway and operating a vehicle at less than the minimum posted speed limit, resulted in the wrongful death of Matthew Nam.

70.

Defendants' negligence and negligence per se is the sole proximate cause of Nam's death.

71.

Plaintiffs William & Jin Nam demand judgment against the defendants for the full value of the life of Matthew Nam to be determined by a jury at trial in their fair and enlightened conscience, as provided by Georgia's wrongful death statute and interpreting case law.

## SECOND CLAIM–CLAIMS OF THE ESTATE

72.

Plaintiffs reincorporate and reallege all paragraphs of this complaint.

73.

William Nam, in his representative capacity, is entitled to recover for the last funeral, burial, medical expenses of Matthew Nam due to defendants' negligence and negligence per se.

74.

William Nam, in his representative capacity, is entitled to recover for the
pre-death pain and suffering and conscious apprehension of Matthew Nam that he
was about to collide with defendants' trailer.

75.

William Nam, in his representative capacity on behalf of his son's Estate,
demands judgment against defendants at trial in an amount the jury deems
appropriate in their fair and enlightened conscience.

### Tennessee Law

76.

Plaintiffs reincorporate and reallege all paragraphs of this complaint.

77.

William Nam is the Court appointed personal representative of the Estate of
Matthew Nam.

78.

The Estate of Matthew Nam is entitled to recover for the wrongful death of
Matthew Nam, including funeral, burial, last medical, conscious mental and
physical pain and suffering prior to death, future lost earnings, all incidental and
pecuniary damages which the Estate is entitled to recover by law, including

attention, guidance, care, protection, training, companionship, cooperation, affection, love, society, companionship, and loss of consortium and filial consortium between the decedent and his parents, William and Jin Nam, and all other damages recoverable under for the wrongful death of Matthew Nam under Tennessee law.   *See T.C.A. §§ 20-5-106, 20-5-113 et seq.*

79.

The parents in their individual capacities assert their claim for loss of consortium and filial consortium by and through the Estate of Matthew Nam, and William Nam serves as the Court appointed personal administrator of the decedent's Estate.   *Id.*

80.

The plaintiffs demand judgment against the defendants under Tennessee law for the wrongful death of Matthew Nam, to the extent that the Court holds that the most significant contacts in this matter are with the State of Tennessee, not Georgia.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants and that they be granted the following relief:

1)      That Process issue and that Defendants be served with Plaintiffs'

Complaint and Summons;

2) That Plaintiffs be granted judgment against the Defendants in an amount not less then five million dollars for the full value of the life of Matthew Nam, under the Georgia wrongful death statute or for all damages that are recoverable under Tennessee's wrongful death statues, to be determined at trial by jury in its fair and enlightened conscience;

3) That the Estate of Matthew Nam recover damages for the pre-death pain and suffering, funeral and burial expenses, last medical expenses, and other damages claims for which the Estate is entitled to recover in law to be determined at trial by a jury in its fair and enlightened conscience;

4) That this Court grant such other equitable and further relief as it deems just and proper; and

5) PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES, AND CLAIMS PLED IN THIS LAWSUIT AND ANY AMENDMENTS THERETO.

RESPECTFULLY SUBMITTED,

By: _Gary M. Cooper_ _with permission_
GARY M. COOPER
Georgia Bar No. 185550

GARY M. COOPER
3991 St. Andrews Square
Duluth, Georgia 30096-6380
(770) 623-1414
(770) 476-1837 facsimile
garymcooper@yahoo.com

By: _____
TERRY D. JACKSON
Georgia Bar No. 386033

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 659-2400
(404) 659-2414 facsimile
terry@terryjacksonlaw.com

By: _Joseph Zdrilich_ _with permission_
CLAIRE DEBRA LIM
Georgia Bar No. 142231
JOSEPH ZDRILICH
Georgia Bar No. 659248

THE ZDRILICH LAW GROUP, LLC
3235 Satellite Boulevard
Building 400, Suite 300
Duluth, Georgia 30096
(770) 931-9604
(770) 931-9610 facsimile
Clim@lzlawfirm.com

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

William & Jin Nam, individually and William Nam

as the personal administrator of the Estate of

Matthew Nam, decedent

**PLAINTIFF**

CIVIL ACTION
NUMBER    10C 14767 6

**VS.**

U.S. Xpress, Inc., a Nevada Corporation, U.S. Xpress
Leasing, Inc., a Nevada Corporation, U.S. Xpress
Enterprises, Inc., a Nevada Corporation, Sandra
Patterson, individually and as an agent and employee
of U.S. Xpress, Inc., U.S. Xpress Leasing, Inc., and
U.S. Xpress Enterprises, Inc. and John Doe Entities and
Individuals (1-3)

**DEFENDANT**

Sandra Patterson, individually and as agent and
employee of U.S. Xpress, Inc., U.S. Xpress
Leasing, Inc., and U.S. Xpress Enterprises, Inc.
703 Aster Lane
East Ridge, TN 37412

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

Terry D. Jackson
TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
Tel: (404) 659-2400
Fax: (404) 659-2414

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 3 day of November ,20 10.

Tom Lawler
Clerk of State Court

By: _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

COC SC-1 Revised 12-99

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WILLIAM & JIN NAM, individually, and WILLIAM NAM as the personal administrator of the ESTATE OF MATTHEW NAM, decedent, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 10C147676 |
| v. | ) ) | |
| U.S. XPRESS, INC., a Nevada Corporation, U.S. XPRESS LEASING, INC., a Nevada Corporation, U.S. XPRESS ENTERPRISES, INC., a Nevada Corporation, SANDRA PATTERSON, individually and as an agent and employee of U.S. XPRESS, INC., U.S. XPRESS LEASING, INC., AND U.S. XPRESS ENTERPRISES, INC., and JOHN DOE ENTITIES & INDIVIDUALS, (1-3), | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## AFFIDAVIT OF SERVICE OF CARL F. CRUMBAUGH

COMES NOW Carl F. Crumbaugh, a United States citizen and over the age

of 18 years, before the undersigned officer duly authorized to administer oaths,

and, being sworn on oath, deposes and states as follows:

1.

On November 8, 2010 at approximately 2:15 p.m., I served a copy of the

following items:

Page 1 of 3

A.   Summons;

B.   Complaint;

C.   Motion for Appointment of Private Process Server;

D.   Affidavit of Counsel in Support of Motion for Appointment of Private Process Server;

E.   Plaintiffs' First Request for Production of Documents to Defendant Sandra Patterson;

F.   Plaintiffs' First Request for Admissions to Defendant Sandra Patterson;

G.   Plaintiffs' First Interrogatories to Defendant Sandra Patterson;

H.   Plaintiffs' First Request for Production of Documents to Defendants U.S. Xpress, Inc., U.S. Xpress Leasing, Inc. and U.S. Xpress Enterprises, Inc.;

I.   Plaintiffs' First Request for Admissions to Defendants U.S. Xpress, Inc., U.S. Xpress Leasing, Inc. and U.S. Xpress Enterprises, Inc.; and

J.   Plaintiffs' First Interrogatories to Defendants U.S. Xpress, Inc., U.S. Xpress Leasing, Inc. and U.S. Xpress Enterprises, Inc.

In the above-styled matter to Sandra Patterson, at the following address:

703 Aster Lane
East Ridge, TN 37412

Said documents were served by handing the same **personally** to Sandra

Patterson who accepted those documents at that address.

FURTHER AFFIANT SAITH NOT.

Page 2 of 3

_C. F. Crumbaugh_

CARL F. CRUMBAUGH

NOTARY PUBLIC:

Sworn to and subscribed before me
this ____ day of _____, 2010.

_____
Notary Public
My Commission Expires: _1. 23. 2013_

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WILLIAM & JIN NAM, individually, and WILLIAM NAM as the personal administrator of the ESTATE OF MATTHEW NAM, decedent, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 10C147676 |
| v. | ) ) | |
| U.S. XPRESS, INC., a Nevada Corporation, U.S. XPRESS LEASING, INC., a Nevada Corporation, U.S. XPRESS ENTERPRISES, INC., a Nevada Corporation, SANDRA PATTERSON, individually and as an agent and employee of U.S. XPRESS, INC., U.S. XPRESS LEASING, INC., AND U.S. XPRESS ENTERPRISES, INC., and JOHN DOE ENTITIES & INDIVIDUALS, (1-3), | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the

within and foregoing **NOTICE OF FILING ORIGINAL AFFIDAVIT OF**

**SERVICE OF CARL F. CRUMBAUGH** upon the defendants by placing same

in a properly addressed envelope with adequate postage affixed thereon via First

Class U.S. Mail to:

>Sandra Patterson
>703 Aster Lane
>East Ridge, TN 37412

>U.S. Xpress Enterprises, Inc.
>c/o National Registered Agents, Inc.
>3675 Crestwood Parkway, Suite 350
>Duluth, GA 30096

>U.S. Xpress, Inc.
>c/o National Registered Agents, Inc.
>3675 Crestwood Parkway, Suite 350
>Duluth, GA 30096

>U.S. Xpress Leasing, Inc.
>c/o National Registered Agents, Inc.
>3675 Crestwood Parkway, Suite 350
>Duluth, GA 30096

Dated:         November 11, 2010.

RESPECTFULLY SUBMITTED,

By:

TERRY D. JACKSON
Georgia Bar No. 386033
*Counsel for Plaintiff*

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 659-2400
(404) 659-2414 facsimile
terry@terryjacksonlaw.com

10C 14767 6

Civil Action No. _____

Date Filed _____ 11/3/2010 _____

Magistrate Court ☐
Superior Court ☐
State Court ☐
Georgia, GWINNETT COUNTY

William + Jin Nam et al

**Plaintiff**

Attorney's Address
Terry Jackson PC
600 Edgewood ave
atlanta, ga 30312

VS.

U.S. Express et al

**Defendant**

Name and Address of party to be Served

U.S. Express Enterprises, Inc a
Nevada Corp. c/o National Registered
Agents 3625 Crestwood Pkwy Ste 350
Duluth, Ga 30096

**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ | I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** | I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds, height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** | Served the defendant ___U. S. Express Enterprises Inc ANevada Corp___ a corporation by leaving a copy of the within action and summons with ___Stephanie Barres___ in charge of the office and place of doing business of said Corporation in this County

**TACK & MAIL** | I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** | Diligent search made and defendant not to be found in the jurisdiction of this Court.

This ____5____ day of ___NOV___, 20_10_

9:10 Am

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

GWINNETT COUNTY, GEORGIA

50344

White:  Clerk      CANARY:  Plaintiff Attorney      PINK:  Defendant

SC-2 Rev.6.10

Civil Action No. 10C 14767 6

Date Filed 11/3/2010

Magistrate Court ☐
Superior Court ☐
State Court ☐
Georgia, GWINNETT COUNTY

William + Jin Nam et al

_____ **Plaintiff**

Attorney's Address

Terry Jackson PC
600 Edgewood Ave
Atlanta, GA 30312

U.S. Xpress, Inc et al
                              VS.

_____ **Defendant**

Name and Address of party to be Served

U.S. Xpress Leasing, a Nevada Corp
C/O National Registered Agents, Inc.
3675 Crestwood Pkwy Ste 350
Duluth Ga 30096

_____ **Garnishee**

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds, height, about _____ feet and _____ inches, domiciled at
the residence of defendant.

**CORPORATION** ☐

Served the defendant U.S. Xpress Leasing a Nevada Corp a corporation
by leaving a copy of the within action and summons with Stephanie Barres
in charge of the office and place of doing business of said Corporation in this County

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door
of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the
United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons,
with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the
summons.

**NON EST** ☐

Diligent search made and defendant
not to be found in the jurisdiction of this Court.

This 5 day of NOV, 20 10.

_____
**DEPUTY**

G/0AM

SHERIFF DOCKET _____ PAGE _____

**GWINNETT COUNTY, GEORGIA**

White:  Clerk         CANARY:  Plaintiff Attorney         PINK:  Defendant

SC-2 Rev.6.10

10C 14767 6

Civil Action No. _____

Date Filed ___11/3/2010___

| Magistrate Court | ☐ |
| Superior Court | ☐ |
| State Court | ☐ |

Georgia, GWINNETT COUNTY

William + Jin Dan et al

**Plaintiff**

Attorney's Address

Terry Jackson PC
601 Edgewood ave
Atlanta, GA 30312

VS.

U.S. Xpress Inc et al

**Defendant**

Name and Address of party to be Served

U.S Xpress, Inc A Nevada Corp.
C/O National Registered Agents Inc
3675 Crestwood Pkwy Ste 350
Duluth, Ga 30096

**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds, height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒
Served the defendant U.S. Xpress Inc A Nevada Corp a corporation

by leaving a copy of the within action and summons with Stephanie Purcell (REA)

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____5_____ day of ___NOV___, 20_11_.

9/0AM

**DEPUTY**

SHERIFF DOCKET_____ PAGE_____

**GWINNETT COUNTY, GEORGIA**

50344

White:   Clerk        CANARY:   Plaintiff Attorney        PINK:   Defendant

SC-2 Rev.6.10

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

WILLIAM & JIN NAM, individually, )
and WILLIAM NAM as the personal )
administrator of the ESTATE OF )
MATTHEW NAM, decedent, )
                                 )
        Plaintiffs,              )      CIVIL ACTION
                                 )      NO. _____
v.                               )
                                 )
U.S. XPRESS, INC., a Nevada Corpora- )   **10C  14767  6**
tion, U.S. XPRESS LEASING, INC., a )
Nevada Corporation, U.S. XPRESS  )
ENTERPRISES, INC., a Nevada Corpora- )   **JURY TRIAL DEMANDED**
tion, SANDRA PATTERSON, individually )
and as an agent and employee of )
U.S. XPRESS, INC., U.S. XPRESS )
LEASING, INC., AND U.S. XPRESS )
ENTERPRISES, INC., and JOHN DOE )
ENTITIES & INDIVIDUALS, (1-3), )
                                 )
        Defendants.              )

## <u>ORDER</u>

The Court having read and considered the Plaintiff's Motion for

Appointment of Private Process Server Carl Crumbaugh, HEREBY GRANTS IT.

    IT IS HEREBY ORDERED.

This 5th day of November , 2010.


DEFENDANT'S
EXHIBIT
B

_____

JUDGE OF STATE COURT
GWINNETT COUNTY STATE COURT