IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM & JIN NAM, individually, and WILLIAM NAM as the personal administrator of the ESTATE OF MATTHEW NAM, decedent, | : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| U.S. XPRESS, INC., a Nevada Corporation, U.S. XPRESS LEASING, INC., a Nevada Corporation, U.S. XPRESS ENTERPRISES, INC., a Nevada Corporation, SANDRA PATTERSON, individually and as an agent and employee of U.S. XPRESS, INC., U.S. XPRESS LEASING, INC., AND U.S. XPRESS ENTERPRISES, INC., and JOHN DOE ENTITIES & INDIVIDUALS, (1-3), | : : : : : : : : : : : : : : | CIVIL ACTION NO. 1:10-CV-3924-AT |
| Defendants. | : : | |

## **ORDER**

This matter is before the Court on Defendant's Motion to Stay Rule 26 Rule

26 Proceedings and all Discovery Pending Rulings on Motion to Transfer Venue

and Motion to Dismiss. [Doc. 10]. The motion is hereby **GRANTED IN PART** and **DENIED IN PART** for the reasons set forth below.

I. **Background**

Plaintiffs filed their Complaint in the State Court of Gwinnett County on November 3, 2010. According to Plaintiffs, Defendants were served with discovery requests along with the Complaint.[1] Defendants filed their Notice of Removal in this Court on December 1, 2010. [Doc. 1]. Defendant Sandra Patterson filed a Motion to Dismiss on December 8, 2010. [Doc. 2]. Defendants U.S. Xpress Enterprises, Inc., U.S. Express Leasing, Inc., and U.S. Express, Inc. filed an Answer to the Complaint on December 8, 2010. [Doc. 3]. Plaintiffs filed a Motion to Remand on December 10, 2010. [Doc. 4]. Defendants also filed a Motion to Transfer Venue on December 21, 2010. [Doc. 9].

Defendants filed the instant motion to stay on December 21, 2010. [Doc. 10]. The deadline for the parties to conduct the Early Planning Conference was December 24, 2011 and the Joint Preliminary Report and Discovery Plan was due to be filed on January 7, 2011. Plaintiffs served discovery requests on Defendants on March 3, 2011, the responses to which are due on April 5, 2011. [Doc. 24].

---

[1] It does not appear that Defendants responded to the discovery requests served with Plaintiffs' Complaint.

2

Although no action was taken by the Court on Defendant's Motion to Stay prior to the Rule 16 deadlines, Defendants did not participate in an Early Planning Conference with Plaintiffs nor did they submit the Preliminary Report and Discovery Plan required under Local Rule 16.2.  However, Plaintiffs filed their portion of the Joint Preliminary Report and Discovery Plan on March 4, 2011. [Doc. 27].

## II.  Discussion

Defendants seek a stay of the pretrial deadlines and discovery on the assertion that the interests of judicial economy are served by a stay of proceedings pending resolution of an early dispositive motion.  Plaintiffs oppose the motion on the grounds that the motion to stay and the motion to transfer venue were interposed solely for the purpose of delaying these proceedings.  [Doc. 17].

The Court intends to address the parties' various motions in short order.  It appears that Defendants have been proceeding as if the requested stay had been granted.

The Court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion." Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985); see also LR 26.2B, NDGa. ("the Court may, in its discretion shorten or lengthen the time for discovery.").  Here, one defendant has

filed a dispositive motion. In addition, Plaintiff has filed a motion to remand and Defendants have filed a motion to transfer venue. The Court's ruling on these motions may divest the Court of jurisdiction over this matter or reduce the number of outstanding issues for discovery. For this reason, the Court will grant Defendants a brief extension of time to comply with the requirements of Rule 16 and to serve their responses to Plaintiffs' discovery requests while the Court considers the pending motions.

However, before the Court can evaluate Defendants' Motion to Dismiss and Motion to Transfer Venue, Defendants must file the Certificate of Interested Persons under Local Rule 3.3. *See* N.D. Ga. L.R. 3.3A (requiring the certificate to be filed for the district court to evaluate possible recusal or disqualification). As a result, the Court **DIRECTS** Defendants to file a Certificate of Interested Persons on or before Friday, April 1, 2011.

Accordingly, it is hereby **ORDERED**: (1) Defendants shall no later than April 25, 2011 comply with Local Rules 16.2[2] and 26.1; and (2) shall respond to Plaintiffs' discovery requests no later than 20 calendar days after the date of issuance of the Court's Orders resolving the three pending motions.

---

[2] Before filing the Local Rule 16.2 planning report, the parties will have to convene a planning conference under Local Rule 16.1.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED,** this 25th day of March, 2011.

                                                                       _/s/ Amy Totenberg_
                                                                       **AMY TOTENBERG**
                                                                       **UNITED STATES DISTRICT JUDGE**

AO 72A
(Rev.8/82)